# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| PETER E. GRAHAM, M.D., individually and as principal and sole shareholder of PAIDEIA ONCOLOGY CARE, PC, <br><br> Plaintiff, <br><br> v. <br><br> MAINEHEALTH, <br> d/b/a MaineHealth Cancer Care, <br> d/b/a Maine Medical Partners, and <br><br> AMIT SANYAL, M.D., individually, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## COMPLAINT
### (Jury Trial Demanded)

Plaintiff Peter E. Graham, MD, individually and as sole shareholder of Paideia Oncology Care, PC ("Dr. Graham"), complains against Defendants MaineHealth, d/b/a MaineHealth Cancer Care and Maine Medical Partners ("MaineHealth"), and Amit Sanyal, M.D., individually, and demands a trial by jury as follows:

### PARTIES, JURISDICTION, and VENUE

1.  Plaintiff Peter E. Graham, M.D. is a Board-Certified Oncologist residing in Woodcliff Lake, New Jersey. Dr. Graham is a principal and sole shareholder of Paideia Oncology Care, PC, a New Jersey Professional Corporation.

2.  Defendant MaineHealth, which at all times material to this action did business as "MaineHealth Cancer Care" and "Maine Medical Partners," is a Maine nonprofit corporation with a principal place of business in Portland, Maine.

3. Defendant Amit Sanyal, M.D. is a Maine physician. At all times material to this action, he was employed by MaineHealth as a Medical Oncologist and acting within the scope of his employment.

4. Jurisdiction is proper under 28 U.S.C. § 1331 (Federal Question) and under 28 U.S.C. § 1332 (Diversity).

5. Venue is proper in the District of Maine under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Maine. Under Rule 3(b) of the Rules of this Court, this action is properly filed in Portland because Defendant's principal place of business is in Cumberland County and because Dr. Graham provided professional services in Cumberland County during the period of time in which the events at issue occurred.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff Peter E. Graham, M.D. ("Dr. Graham"), a physician, is a Board-Certified Oncologist. Dr. Graham has practiced medicine for over 50 years.

7. Dr. Graham identifies as a Black male.

8. Paideia Oncology Care, PC ("Paideia") is a New Jersey professional corporation through which Dr. Graham provides cancer care via telemedicine and through which Dr. Graham contracts to provide locum tenens[1] professional medical services on a short-term or temporary basis.

9. Weatherby Locums, Inc. ("Weatherby") is a professional staffing agency which regularly contracts with both individual medical professionals and

---

[1] According to Merriam Webster, the term "locum tenens" means "one filling an office for a time or temporarily taking the place of another, used especially for a doctor or clergyman."

2

health care entities to place physicians and other health care professionals at hospitals or other health care facilities on a temporary basis.

10. Weatherby contracted with MaineHealth for Plaintiff's services, on a locum tenens basis, and Plaintiff agreed to provide medical services at MaineHealth Cancer Care in South Portland, Maine from May 15, 2023 through May 16, 2024.

11. Between May 15, 2023 and July 11, 2023, Dr. Graham provided high quality oncological care to cancer patients at MaineHealth Cancer Center for approximately 36 hours per week Monday through Thursday. Dr. Graham received accolades by patients and clinical staff reflecting the stellar care.

12. On July 11, 2023, Dr. Amit Sanyal, the Medical Director for MaineHealth Cancer Center, walked into Dr. Graham's office and informed Dr. Graham that his services were no longer required at MaineHealth Cancer Center and that his assignment was terminated, effective immediately.

13. After Dr. Sanyal informed Dr. Graham of the termination of his locum tenens assignment, Dr. Graham asked Dr. Sanyal: "what did I do?"

14. Dr. Sanyal responded by stating: "there are patient perception issues, and one or two patients have left the clinic. In order to not have other patients leave, I am terminating your time [at MaineHealth Cancer Care] on the spot."

15. Dr. Graham stressed to Dr. Sanyal that neither he nor Weatherby had ever been informed of any problems. Dr. Graham then asked Dr. Sanyal if he had reviewed Dr. Graham's clinical care and if he noticed any problems with his care.

16. Dr. Sanyal responded affirmatively. He said, "Yes. I would have treated these patients in a similar way, with no clinical variance. There were no clinical care issues, at all. But I want you out of here immediately after you finish charting your patients today."

17. Dr. Graham asked Dr. Sanyal, who, upon information and belief, was born and raised in India, if the term "patient perception issues" was "code for racially based sentiments." Dr. Sanyal did not directly answer the question, instead relating his experience with "cultural bias" due to his status as a "foreign medical graduate" in New Mexico.

18. Dr. Graham again asked Dr. Sanyal if the "patient perception issues" related to clinical care quality or was based on his race. Dr. Sanyal responded by saying that MaineHealth Cancer Care "would support these patients and their perception problems," that Dr. Graham would be terminated "on the spot," and told him not to return after charting the patients he had cared for that day.

19. Despite acknowledging that there were no problems or concerns with Dr. Graham's clinical care, Dr. Sanyal refused to provide Dr. Graham with a letter of recommendation for purposes of securing future locum tenens assignments.

<u>**Count I**</u>
**42 U.S.C. § 1981**
**Race Discrimination**
**(vs. Defendant MaineHealth)**

20. Plaintiff repeats the allegations contained in Paragraphs 1 through 19.

21. Section 1981 of Title 42 of the U.S. Code ("Section 1981") provides that all persons shall have the same rights as white citizens to "make and enforce

4

contracts," including the performance thereto or termination thereof; all benefits, privileges, terms, or conditions associated therewith; and to the full and equal benefit of all laws, in a manner free from racial discrimination or harassment.

22. Plaintiff Peter E. Graham, M.D. is a member of a racial minority.

23. As set forth above, Defendant discriminated against Dr. Graham on the basis of his race, and such discrimination impeded or impaired Plaintiff's right and ability to make, enforce, perform, or terminate contracts pertaining to his professional services and gainful employment.

24. But for Dr. Graham's race, his statutory civil right to be free from discrimination in the making, enforcement, performance or termination of contractual rights would not have been impeded or impaired.

25. As a direct and proximate result of Defendant's acts and omissions, Plaintiffs sustained damages in an amount to be determined at trial.

**Count II**
**42 U.S.C. § 1981**
**Race Discrimination**
**(vs. Defendant Amit Sanyal)**

26. Plaintiff repeats the allegations contained in Paragraphs 1 through 25.

27. Section 1981 of Title 42 of the U.S. Code ("Section 1981") provides that all persons shall have the same rights as white citizens to "make and enforce contracts," including the performance thereto or termination thereof; all benefits, privileges, terms, or conditions associated therewith; and to the full and equal benefit of all laws, in a manner free from racial discrimination or harassment.

28. Plaintiff Peter E. Graham, M.D. is a member of a racial minority.

29. As set forth above, Defendant discriminated against Dr. Graham on the basis of his race, and such discrimination impeded or impaired Plaintiff's right and ability to make, enforce, perform, or terminate contracts pertaining to his professional services and gainful employment.

30. But for Dr. Graham's race, his statutory civil right to be free from discrimination in the making, enforcement, performance or termination of contractual rights would not have been impeded or impaired.

31. As a direct and proximate result of Defendant's acts and omissions, Plaintiffs sustained damages in an amount to be determined at trial.

**Count III**
**5 M.R.S. § 4682**
**Interference with Civil Rights**
**(v. Defendant MaineHealth)**

32. Plaintiff repeats and re-alleges the foregoing paragraphs 1-31.

33. The Maine Civil Rights Act, 5 M.R.S. §4682 provides:

> "A person whose exercise or enjoyment of the rights secured by…the laws of the United States or ….of the State has been interfered with may institute and prosecute a civil action for legal or equitable relief whenever a person:
>
>> B. Intentionally interferes or attempts to intentionally interfere with the exercise or enjoyment by any other person of those secured rights by:
>>
>>> (5) Engaging in any conduct that would cause a reasonable person to suffer emotional distress."

5 M.R.S. § 4682(1-A) (2023).

34. The Maine Civil Rights Act further provides:

> "A person has the right to engage in lawful activities without being subject to…any conduct that would cause a reasonable person to suffer emotional distress…by reason of race…or color. "

5 M.R.S. § 4684-A.

35. Through the acts and omissions set forth above, Defendant has intentionally interfered with Plaintiff's civil rights to be free from race discrimination and otherwise engaged in conduct that would cause a reasonable person to suffer emotional distress by reason of his race or color.

36. Plaintiff, a reasonable person, did in fact suffer emotional distress as a direct and proximate result of Defendant's acts or omissions and sustained damages in an amount to be determined at trial.

### Count IV
### 5 M.R.S. § 4682
### Interference with Civil Rights
### (v. Defendant Amit Sanyal, M.D.)

37. Plaintiff repeats and re-alleges the foregoing paragraphs 1-36.

38. The Maine Civil Rights Act, 5 M.R.S. §4681 et. seq. provides:

> "A person whose exercise or enjoyment of the rights secured by…the laws of the United States or ….of the State has been interfered with may institute and prosecute a civil action for legal or equitable relief whenever a person:
>
>> B. Intentionally interferes or attempts to intentionally interfere with the exercise or enjoyment by any other person of those secured rights by:
>>
>>> (5) Engaging in any conduct that would cause a reasonable person to suffer emotional distress."

5 M.R.S. § 4682(1-A) (2023).

39. The Maine Civil Rights Act further provides:

> "A person has the right to engage in lawful activities without being subject to…any conduct that would cause a reasonable person to suffer emotional distress…by reason of race…or color. "

7

5 M.R.S. § 4684-A.

40. Through the acts and omissions set forth above, Defendant has intentionally interfered with Plaintiff's civil rights to be free from race discrimination and otherwise engaged in conduct that would cause a reasonable person to suffer emotional distress by reason of his race or color.

41. Plaintiff, a reasonable person, did in fact suffer emotional distress as a direct and proximate result of Defendant's acts or omissions and sustained damages in an amount to be determined at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A. Enter judgment in his favor and award him pecuniary and non-pecuniary compensatory damages; lost income and back pay; front pay in lieu of reinstatement; plus pre-judgement and post-judgment interest;

B. Award him punitive damages arising out of Defendants' willful and malicious misconduct; and

C. Award Plaintiff reimbursement of his costs of suit, including reasonable attorneys' fees and other costs incurred in bringing this action; and

D. Grant him such further relief as the Court may deem just and proper.

Dated:  April 17, 2024                                     */s/ James A. Clifford*
                                                           James A. Clifford
                                                           james@cliffordclifford.com

                                                           */s/ Andrew. P. Cotter*
                                                           Andrew P. Cotter
                                                           andrew@cliffordclifford.com

CLIFFORD & CLIFFORD, LLC
10 Moulton Street, 5th Floor
Portland, ME 04101
(207) 613-9465

8