UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PETER E. GRAHAM, M.D., *individually and as principal and sole shareholder of Paideia Oncology Care, PC,* <br><br> Plaintiff, <br><br> v. <br><br> MAINEHEALTH, *d/b/a MaineHealth Cancer Care, d/b/a/ Maine Medical Partners,* et al., <br><br> Defendants. | No. 2:24-cv-00128-JAW |

**ORDER ON MOTION TO DISMISS WITHOUT PREJUDICE**

Over the objection of the defendants, the court dismisses a civil action without prejudice.

**I.   BACKGROUND**

On April 17, 2024, Peter E. Graham, M.D.,[1] filed a civil complaint against MaineHealth and Amit Sanyal, M.D., claiming that MaineHealth and Dr. Sanyal had violated federal Civil Rights Act, 42 U.S.C. § 1981, and its Maine counterpart, 5 M.R.S. § 4681, by discriminating against him because of his race. *Compl.* (ECF No. 1). MaineHealth and Dr. Sanyal denied Dr. Graham's allegations and asserted various affirmative defenses. *Answer and Affirmative Defenses to Compl.* (ECF No.

---

[1]   Dr. Graham is listed as the Plaintiff individually and as principal and sole shareholder of Paideia Oncology Care, P.C. and the caption in both the complaint and amended complaint lists him as the only plaintiff. *Compl.* (ECF No. 1); *First. Am. Compl.* (ECF No. 22).

7). They also filed a motion to dismiss the complaint. *Defs.' Mot. to Dismiss* (ECF No. 6).

After the motion to dismiss was fully briefed, the Court held oral argument on the motion to dismiss on February 28, 2025. *Min. Entry* (ECF No. 19). On March 6, 2025, Dr. Graham moved to amend his complaint, and on the same day, the Court granted the motion. *Mot. to Am. Compl.* (ECF No. 20); *Order* (ECF No. 21). Dr. Graham filed an amended complaint on March 7, 2026, *First Am. Compl.* (ECF No. 22), and on March 14, 2025, MaineHealth and Dr. Sanyal withdrew their motion to dismiss, *Defs.' Notice of Withdrawal of Mot. to Dismiss* (ECF No. 24), and they answered the amended complaint. *Answer and Affirmative Defenses to Pl.'s First Am. Compl.* (ECF No. 23). On April 14, 2025, the Court issued a scheduling order, *Scheduling Order* (ECF No. 25), which was amended by agreement on April 14, 2025 and on June 18, 2025. *Jt. Mot. to Am. Scheduling Order* (ECF Nos. 26, 28); *Order* (ECF Nos. 27, 29).

On September 10, 2025, Dr. Graham's attorneys, James Clifford and Andrew Cotter, moved to withdraw as his attorneys and moved for a temporary stay of sixty days for Dr. Graham to obtain successor counsel or to proceed pro se. *Mot. for Leave to Withdraw as Counsel and Unopposed Mot. for Temp. Stay of Proceedings* (ECF No. 32). On September 11, 2025, the Magistrate Judge granted the motion but stayed the proceedings for forty-five, not sixty days. *Order* (ECF No. 33).

On October 26, 2025, Attorney David G. Webbert entered a limited appearance on behalf of Dr. Graham for the purpose of filing a motion under Federal Rule of Civil

Procedure 41(a)(2). *Mot for Leave to Enter a Limited Appearance by David G. Webbert as Counsel for Pls.* (ECF No. 34). On October 30, 2025, the Magistrate Judge granted this motion for leave to enter a limited appearance. *Order* (ECF No. 35).

On November 4, 2025, Dr. Graham filed a motion to dismiss the amended complaint without prejudice. *Pls.' Mot. to Dismiss Without Prejudice* (ECF No. 36) (*Pl.'s Mot.*). On November 24, 2025, MaineHealth and Dr. Sanyal filed a limited opposition to the motion to dismiss, asking the Court to dismiss the complaint with prejudice but agreeing to the dismissal without prejudice if the Court is unwilling to dismiss the case with prejudice. *Defs.' Opp'n to Pl.'s Mot. to Dismiss Without Prejudice* (ECF No. 37) (*Defs.' Opp'n*). Dr. Graham filed a reply on December 8, 2025. *Pls.' Reply in Support of Mot. to Dismiss Without Prejudice* (ECF No. 38) (*Pl.'s Reply*).

## II.     THE POSITIONS OF THE PARTIES

### A.     Dr. Graham's Motion to Dismiss Without Prejudice

In his motion, Dr. Graham asks the Court to dismiss his amended complaint without prejudice. *Pl.'s Mot.* at 1. In support of his motion, Dr. Graham points out that "(1) this action is still in its early stages, with discovery stayed 16 weeks before it was set to expire at the end of the year, no depositions taken, and no motions for summary judgment filed; (2) Plaintiff[] diligently prosecuted this action but were disadvantaged by Defendants' delay in producing key documents; and (3) Plaintiff[] need[s] time to retain new counsel and to allow new counsel to become acquainted with this case, including determining whether to retain experts based on the recently produced key documents." *Id.* at 1-2. Dr. Graham reviewed caselaw and the factors

3

courts typically consider as to whether to dismiss without prejudice and argued that good cause exists to dismiss this case without prejudice. *Id.* at 2-5.

### B. The Defendants' Opposition

In their opposition, the Defendants note that from March 2025 until September 11, 2025, when the case was stayed, "Defendants have diligently engaged in discovery." *Defs.' Opp'n* at 2 (itemizing Defendants' discovery actions). By contrast, they say, Dr. Graham "failed to engage in any discovery beyond mere initial disclosure in this action." *Id.* After reviewing applicable caselaw, the Defendants urge the Court to dismiss the matter with prejudice. *Id.* at 4-5. They point to their own diligence during the discovery phase and Dr. Graham's absence of action. *Id.* at 4. They note that Dr. Graham had forty-five days to obtain new counsel but failed to do so. *Id.* at 5. The Defendants argue that Dr. Graham failed to present a sufficient reason for dismissal without prejudice. *Id.* At the same time, the Defendants agree that if the Court determines that the case should be dismissed without prejudice, they still consent to its dismissal. *Id.* at 5-6.

### C. Dr. Graham's Reply

In his reply, Dr. Graham contends that the Defendants failed to make the "exceptional showing" required to overcome the Rule's preference for dismissal without prejudice. *Pls.' Reply* at 1. Dr. Graham lays the blame for his inability to conduct more discovery on the Defendants' own refusal to produce the "relevant medical records" that support their claim of his poor performance. *Id.* Dr. Graham points out that the Defendants have still not produced these records, and he therefore

4

maintains that it is the Defendants, not Dr. Graham, who bear responsibility for delays in discovery. *Id.* at 1-2. Dr. Graham disputes the Defendants' representations that they have produced voluminous records, saying "one of the 73 pages Defendants produced contained the underlying medical records Plaintiffs have been requesting since late 2023." *Id.* at 2-3. Dr. Graham rejects the Defendants' accusation that Dr. Graham refused to be deposed, noting that his counsel had only advised defense counsel that he could not be deposed until the Defendants produced the medical records justifying their action against him. *Id.* at 3. Dr. Graham reiterates his request that the case be dismissed without prejudice.

### III.   DISCUSSION

#### A.   Legal Standards

Except for early dismissals and dismissals by stipulation, neither applicable here, Federal Rule of Civil Procedure 41 provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Rule 41(a)(2) stipulates that "[u]nless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* "[D]ismissal without prejudice is the norm, 'unless the court finds that the defendant will suffer legal prejudice.'" *United States v. Newman*, No. 2:22-cv-00373-JAW, 2025 U.S. Dist. LEXIS 131866, at *14 (D. Me. July 11, 2025) (quoting *Colón-Cabrera v. Esso Std. Oil Co. P.R.*, 723 F.3d 82, 87 (1st Cir. 2013) (quoting *P.R. Mar. Shipping Auth. v. Leith*, 668 F.2d 46, 50 (1st Cir. 1981)). The Court "is responsible for ensuring

that such prejudice will not occur." *Colón-Cabrera*, 723 F.3d at 87 (citing *Doe v. Urohealth Sys., Inc.*, 216 F.3d 157, 160 (1st Cir. 2000)).

To determine whether a defendant will suffer legal prejudice, courts consider several factors, including the defendant's effort and expense in preparing for trial, the plaintiff's diligence in prosecuting the action, the sufficiency of the plaintiff's explanation of the need for a dismissal, and whether the defendant has filed a motion for summary judgment. *See Colón-Cabrera*, 723 F.3d at 88 (citing *Doe*, 216 F.3d at 160).[2] The First Circuit has clarified, however, that the term, "legal prejudice," in this context does not include "[t]he mere prospect of a subsequent lawsuit." *Id.* at 87 (citing *Doe*, 216 F.3d at 160-61). The question is whether the defendant "would suffer 'plain legal prejudice' as a result of a dismissal without prejudice." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994) (citing *Cone v. W. Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947)); *see also Doe,* 216 F.3d at 161.

While these factors are among those considered, "a court is not 'always required to give a lengthy explanation of its reasons,' and it 'need not analyze each factor or limit [its] consideration to [the] factors' listed above." *Tuck v. City of Gardiner Police Dep't.* 1:18-cv-00212-JDL, 2020 U.S. Dist. LEXIS 99199, at *4 (June 5, 2020) (quoting *Doe*, 216 F.3d at 160).

**B.   Analysis**

In reviewing the docket, the Court concludes that Dr. Graham is filing this motion to dismiss in the relatively early stages of this litigation. Dr. Graham filed

---

[2]   These factors are sometimes referred to as *Pace* factors after a Seventh Circuit case that the First Circuit often cites. *See Pace v. S. Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969).

the complaint on April 17, 2024 and the time between June 24, 2024 and March 14, 2025 was spent resolving the Defendants' motion to dismiss the complaint. *Compare Compl.* (filed June 24, 2024), *with Withdrawal of Mot. to Dismiss* (filed March 14, 2025). Under the Scheduling Order as amended on June 18, 2025, the parties are technically still in the discovery phase of the case since the discovery deadline will not lapse until December 31, 2025. *See Scheduling Order* (ECF No. 25); *Order* (ECF No. 29). Furthermore, upon motion by Dr. Graham, the Court stayed this case on September 11, 2025. *Order* (ECF No. 33). Although the Defendants have expended some time, money and effort defending this case to date, they have engaged in limited discovery (without any depositions), have not engaged in summary judgment motion practice, and have not prepared for trial. *See Salehmohammed v. Sea Ventures, Inc.*, No. CV 22-1376 (BJM), 2023 U.S. Dist. LEXIS 202349, at *7 (D.P.R. Nov. 9, 2023) ("[T]he final consideration clearly favors granting dismissal without prejudice as Defendants have not filed a motion for summary judgment"). Moreover, assuming Dr. Graham filed a subsequent lawsuit on the same bases, the Defendants' efforts in preparing and arguing the motion to dismiss in this case would likely be valuable in their defense of the next.

Regarding Dr. Graham's diligence in pursuing this case, based on the charges and countercharges in the parties' memoranda, the Court cannot properly umpire the dispute. Whether Dr. Graham was lackadaisical in his discovery efforts or whether the Defendants stonewalled effective discovery is unknowable on this record, and the Court has not been able properly to evaluate this factor.

One factor is the sufficiency of the reason for the plaintiff's need for dismissal. But why Dr. Graham needs to dismiss the case is unclear. It appears that he and his prior attorneys did not view the case the same way, but exactly why Attorneys Clifford and Cotter moved to withdraw as Dr. Graham's counsel is not revealed (nor presumably should it have been) in their motion to withdraw. *Mot. for Leave to Withdraw as Counsel and Unopposed Mot. for Temporary Stay of Proceedings* at 1-2. The Court does not hold this factor against Dr. Graham because it does not know what compelled Attorneys Clifford and Cotter to move to withdraw. Attorneys and clients do not always see eye to eye on a case for myriad reasons, but it does not mean that the fault rests with the clients, with the attorneys, with both of them, or even that there is any fault at all. There is nothing in this record that would lead the Court to conclude that Dr. Graham should be penalized in the future because his attorneys moved to withdraw. There is also no suggestion that Dr. Graham is seeking to dismiss the case "to avoid an imminent adverse ruling." *Cabrera*, 723 F.3d at 88 (quoting *In re FEMA Trailer Formaldahyde Prods. Liab. Litig.*, 628 F.3d 157, 162 (5th Cir. 2010)).

The main concern, however, is that "[i]n deciding a 41(a)(2) motion, the Court should weigh the equities, and do justice to all the parties in the case." *Mateo v. Empire Gas Co.*, 287 F.R.D. 124, 128 (D.P.R. 2012). Here, Dr. Graham, a respected oncologist and an African American, made very serious allegations against MaineHealth and Dr. Sanyal that these Defendants violated his civil rights by buckling to the racist views of some of MaineHealth's patients and terminating his

8

contract because some patients complained about being treated by a Black physician. *See Am. Compl.* ¶¶ 6-19. To be clear, MaineHealth and Dr. Sanyal have emphatically denied these allegations. Nevertheless, the amended complaint on its face raises a sufficiently significant set of allegations that dismissal with prejudice at this stage would not be equitable or fair.

### IV.  CONCLUSION

The Court GRANTS Plaintiff's Motion to Dismiss Without Prejudice (ECF No. 36) and dismisses the Plaintiff's First Amended Complaint (ECF No. 22) without prejudice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2025